

FILED
Jul 30, 2026
12:15 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Rausel Hernandez | Docket No.      2023-06-4960 |
| v. | State File Nos. 860538-2023 |
| | 860539-2023 |
| CJR Framing, Inc.; Phillips Framing | 8842-2023 |
| & Associates, Inc., et al. | 62595-2023 |
| | 88099-2023 |
| | 24618-2024 |
| Appeal from the Court of Workers' | |
| Compensation Claims | Heard July 16, 2026 |
| Joshua D. Baker, Judge | via Microsoft Teams |

---

### Affirmed as Modified and Remanded

---

In this interlocutory appeal, the employer's insurer argues the trial court should have dismissed it from this case due to a lack of personal jurisdiction. The employee, a Texas resident, suffered multiple injuries when he fell from a roof while working for a subcontractor in Tennessee. He filed claims against multiple parties, including the subcontractor that employed him and the general contractor. Following identification of an insurer for the subcontractor, the employee sought to amend the petition for benefit determination. Once the insurer was brought into the litigation, it argued it should be dismissed as its policy only covered employees working in Texas. Specifically, the insurer argued that the court did not have personal jurisdiction over it because it lacked sufficient minimum contacts with the state of Tennessee. The trial court determined that the insurer did have sufficient minimum contacts based, in part, on language contained in the subcontractor's certificate of insurance and denied the insurer's motion to dismiss. The insurer has appealed. Having carefully reviewed the record, we affirm the trial court's denial of the motion to dismiss for reasons other than those stated in the order, we modify the trial court's order, and we remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Connor R. Sestak, Nashville, Tennessee, for the insurer-appellant, Texas Mutual Insurance Company

Victoria S. Herman, Goodlettsville, Tennessee, for the employee-appellee, Rausel Hernandez

G. Gerard Jabaley, Knoxville, Tennessee, for the general contractor, Phillips Framing & Associates

## Factual and Procedural Background

Rausel Hernandez ("Employee"), a resident of Dallas, Texas, was working on a roof in Nashville on January 9, 2023, when he slipped on ice and fell four stories, suffering numerous injuries. There is no information in the record as to the nature or extent of the injuries claimed other than a notation by the trial court that they were "severe." Determining the identity of the actual employer proved difficult, causing Employee to file petitions for benefit determination ("PBDs") against various construction entities involved in the project on which he was injured: Salvador Vasquez; CJR Framing ("CJR"); Bacar Constructors; Phillips Framing & Associates ("Phillips"); Phoenix Framing; and Jose Hernandez. Salvador Vasquez maintained CJR was Employee's direct employer on January 9, 2023, and propounded requests for admissions to which CJR never responded. As such, the matters were deemed admitted by court order on November 7, 2023. Two of those requests stated that Employee was an employee of CJR and that CJR was the immediate employer of Employee on the date of the work injury. There is no attorney of record for CJR.[1]

Multiple status conferences were held over the course of several years, and the court noted in its June 26 and December 3, 2024 orders that there was a "coverage dispute."[2] On December 3, 2024, Employee filed a motion to amend the PBD against CJR to include CJR's workers' compensation insurance carrier. Employee had originally believed CJR to be uninsured, but his counsel had learned through discovery that CJR had a policy with Texas Mutual Insurance Company ("Texas Mutual") on the date of Employee's work injury. In response to the motion to amend the PBD to identify Texas Mutual as CJR's insurer, the trial court *sua sponte* issued an order adding Texas Mutual as a "party," and that order was not appealed. More status conferences were held, and in orders issued April 7, June 9, July 15, and September 15, 2025, the court noted ongoing "coverage" issues between Texas Mutual and its insured.

On September 24, Texas Mutual filed a motion to dismiss it as a "party" to the action for lack of personal jurisdiction. Shortly thereafter, most of the other potential employers and insurers were conditionally dismissed by agreement of the parties, with only CJR,

---

[1] An order dated December 3, 2024 suggests the "alleged" attorney for CJR failed to attend a status hearing the day before, but then also indicates in a footnote that the attorney actually represented Accident Fund, which we have gleaned from the record is the insurance carrier for Phillips.

[2] It is unclear from the record whether Employee has received or is currently receiving any medical or temporary disability benefits. A June 6, 2024 request for status hearing states that Employee is still receiving medical care from an authorized treating physician and temporary benefits, but there is no indication in the record what entity is providing the benefits or if those benefits are ongoing.

Phillips, and Texas Mutual remaining as potentially responsible entities. Texas Mutual's motion to dismiss was heard February 17, 2026.

According to its motion, the policy Texas Mutual issued to CJR that was in effect on the date of injury only covered injuries that occurred in the state of Texas. Further, Texas Mutual argued that it is a statutorily created entity whose sole function is to cover Texas claims, citing a prior Tennessee decision discussing these facts. *See Lindsey v. Trinity Commc'ns, Inc.*, 275 S.W.3d 411, 416 (Tenn. 2009). In the context of the current case, it further argued that its contacts with the state of Tennessee were not "continuous and systematic" and thus, there was no general personal jurisdiction over it. It then asserted that there was no specific personal jurisdiction even if its insured was doing business in Tennessee because Texas Mutual had not directed any activities toward the citizens of the state of Tennessee and had no expectation of being sued in Tennessee.

In response, Phillips argued that it relied on the Certificate of Insurance it obtained from CJR that had been issued by Northwest Insurance Agency ("Northwest"), which expressly stated that "[t]he workers' compensation policy covers all Texas hired workers for subcontracted positions in the state of Tennessee." Texas Mutual countered that Northwest was not its representative and could not act as its agent. Thus, according to Texas Mutual, any representations made by Northwest addressing the terms of its policy were not binding on it. For his part, Employee argued personal jurisdiction existed because Texas Mutual knew CJR was working in the state of Tennessee at the time it issued the policy, although there is no evidence of that in the record, and that as a matter of public policy, Texas Mutual should not be dismissed.

The trial court, utilizing the framework set out in *International Shoe Company v. Washington*, determined Texas Mutual had not had sufficient "continuous and substantial" operations in the state of Tennessee for the court to have general personal jurisdiction over it. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). However, relying in large part on the language included in the Certificate of Insurance, the trial court found that it did have specific personal jurisdiction over Texas Mutual and denied the motion to dismiss. *Id*. Texas Mutual has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v.*

3

*Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

## Analysis

In its notice of appeal and its brief, Texas Mutual raises three issues, which we restate and combine into a single issue: whether the Tennessee Court of Workers' Compensation Claims has the authority to exercise personal jurisdiction over Texas Mutual. We conclude Texas Mutual's arguments focusing on personal jurisdiction misconstrue the nature of its involvement in this case.

In general, to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction over the claim and the named parties. *Brown v. Brown*, 296 S.W. 356, 358 (Tenn. 1927). Subject matter jurisdiction relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority that organizes the court. *Turpin v. Conner Bros. Excavating Co., Inc.*, 761 S.W.2d 296, 297 (Tenn. 1988). Personal jurisdiction, by contrast, refers to the court's authority to adjudicate the claim as to the person. *Id.* Personal jurisdiction over non-resident defendants exists if the non-resident defendant has such minimum contacts with this state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316; *see also J.I. Case Corp. v. Williams*, 832 S.W.2d 530, 531 (Tenn. 1992). There are two types of personal jurisdiction: general and specific. General jurisdiction is a court's authority to exercise jurisdiction over a non-resident defendant based on the non-resident defendant's "continuous and systematic contacts" with the state. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 647-648 (Tenn. 2009). This is a "substantially higher threshold" than that required to exercise specific jurisdiction. *Id.* To establish specific jurisdiction, the plaintiff bears the burden of showing the non-resident defendant has established significant contacts with the forum state and that the specific cause of action arises out of those activities or contacts. *Id.* at 647 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, Texas Mutual asserts the Court of Workers' Compensation Claims is not authorized to exert personal jurisdiction over it. In support of this position, it relies on a previous workers' compensation case in which our Supreme Court determined a Tennessee court did not have personal jurisdiction over it. In *Lindsey v. Trinity Commc'ns*, Texas Mutual insured a Texas-based subcontractor in the state of Texas. *Lindsey*, 275 S.W.3d at 416. That subcontractor became involved in a project in Chattanooga, and it hired an employee to work on the project who was later injured.[3] *Id.* at 415. The employee sued

---

[3] It is unclear from the *Lindsey* opinion where the parties entered into the contract of hire.

both the subcontractor and Trinity Communications, the purported general contractor of the project, and both of those entities defended the claim on the grounds that the employee was an independent contractor. *Id.* at 416. Texas Mutual, as the insurer of the subcontractor, argued Tennessee lacked both personal and subject matter jurisdiction over it. *Id.* The trial court determined Mr. Lindsey was an employee, that it did have personal jurisdiction over Texas Mutual, and it assessed permanent disability benefits against both Trinity Communications and Texas Mutual, who both appealed. *Id.* The Tennessee Supreme Court held that the trial court did not have personal jurisdiction over Texas Mutual because there was no evidence in the record of continuous and systematic contacts between Texas Mutual and the state of Tennessee, and thus no general personal jurisdiction. *Id.* at 417. The Court also held there was no specific personal jurisdiction, as the policy in that case applied only in Texas. *Id.* at 418.

The facts and circumstances in *Lindsey* differ significantly from those in the case at hand. First and foremost, *Lindsey* was an appeal of a final judgment, whereas this case involves a motion to dismiss filed pursuant to Tennessee Rule of Civil Procedure 12.02(2). Unlike at a hearing on the merits, where the burden of proof is the "preponderance of the evidence," Tennessee courts considering a Rule 12 motion to dismiss are required to "take as true all the allegations in the plaintiff's complaint and supporting papers, if any, and must resolve all factual disputes in the plaintiff's favor." *Gordon*, 300 S.W.3d at 644. Second, and more importantly in these circumstances, *Lindsey* was decided well before the effective date of the 2013 Workers' Compensation Reform Act, which granted "original and exclusive jurisdiction" over workers' compensation claims to the newly-created Tennessee Court of Workers' Compensation Claims as of July 1, 2014. Tenn. Code Ann. § 50-6-237 (2025). Thus, in *Lindsey*, the Supreme Court addressed whether a court of general jurisdiction could exercise personal jurisdiction over Texas Mutual in circumstances where Texas Mutual could be adjudged jointly and severally liable; here the question is whether a court of limited jurisdiction can assess the liability of an employer operating in Tennessee who was insured by Texas Mutual.

We previously addressed a similar issue in *Martinez v. ACG Roofing, Inc.*, No. 2021-08-0059, 2023 TN Wrk. Comp. App. Bd. LEXIS 31 (Tenn. Workers' Comp. App. Bd. July 12, 2023). There, we observed that the "Tennessee Court of Workers' Compensation Claims is a court of statutorily defined, *limited* jurisdiction." *Id*. at *10 (emphasis in original). In *Martinez*, it was undisputed that the employee had injured himself in the course and scope of his employment while working for the employer. *Id.* at *2. The question was one of insurance coverage, as the employer's purported insurer argued it did not insure the employer on the date of injury due to a lapse in coverage for nonpayment. *Id.* at *3-5. The insurer filed a motion for summary judgment, which the trial court denied, stating there were still questions of material fact. *Id.* at *6-7. We affirmed the denial of the motion for summary judgment on different grounds, concluding that the Court of Workers' Compensation Claims did not have subject matter jurisdiction over coverage issues. *Id.* at *13-14. We held that, although the Court of Workers'

Compensation Claims can adjudicate the rights and obligations of both employers and insurers with respect to a claim for workers' compensation benefits brought by an injured worker, there is a

> critical distinction between cases where the Court of Workers' Compensation Claims is presented with a factual dispute that *impacts* coverage versus that same court being presented with a coverage dispute hinging on the language of the insurance contract. In the former instance, the court is not applying contract law but is performing its adjudicative function by resolving factual disputes between the parties as authorized by the Tennessee Workers' Compensation Law. In the latter, however, the court would be reaching beyond the facts of the case and the provisions of Tennessee's Workers' Compensation Law to resolve a dispute under contract law. For example, if the employee and employer in a workers' compensation claim assert two different dates of accident, one of which falls within the period during which the employer is covered by a policy of workers' compensation insurance and the other of which does not, it is incumbent upon the court to consider the evidence and decide the date the accident occurred based on a preponderance of the evidence. That determination may impact the contractual obligation of the insurer to pay benefits under the terms of its insurance policy, but it does not require the court to examine or interpret the terms of that contract. In short, there is no question that the Court of Workers' Compensation Claims may at times be called upon to resolve factual disputes that impact the employer's insurance coverage, and such determinations fall squarely within the jurisdiction of the court. That is quite different, however, from cases in which an insurer denies it has an obligation to defend or cover a claim based on the *terms* of the insurance contract.

*Id.* at *14-15 (some emphasis added). As we further noted:

> [A] dispute between an insurance company and its insured over coverage under the terms of the insurance policy is typically resolved through a declaratory judgment action. Pursuant to Rule 57 of the Tennessee Rules of Civil Procedure, the parties to such an action have the right to demand a jury, a mechanism that is unavailable in the Court of Workers' Compensation Claims. Moreover, the appeal of an insurance coverage dispute lies with the Tennessee Court of Appeals, which does not have jurisdiction over appeals of workers' compensation cases.

*Id.* at *16-17 (internal citations omitted).

Furthermore, and as noted by the *Lindsey* Court, Tennessee Code Annotated section 50-6-408 requires all insurance policies to contain a clause stating that "[j]urisdiction of

6

the insured for the purpose of this chapter shall be jurisdiction of the insurer . . . ." Tenn. Code Ann. § 50-6-408(2) (2025). The *Lindsey* Court specifically held that subdivision did not apply in that case because it was determined the contract of insurance was not a Tennessee contract. *Lindsey*, 275 S.W.3d at 417 n.2. However, as we have noted, *Lindsey* was decided in a court of general jurisdiction, which would have the authority to assess liability against Texas Mutual directly. As we explained in *Martinez*, our statutory authority does not allow the Court of Workers' Compensation Claims to interpret insurance contract obligations or resolve coverage disputes between employers and their insurers.[4]

Finally, another key difference between the Court of Worker's Compensation Claims and courts of general jurisdiction is service of process as contemplated by Rule 4 of the Tennessee Rules of Civil Procedure. The Clerk of the Court of Workers' Compensation Claims does not issue summonses to defendants that subject them to the jurisdiction of the court, and no formal service of process is required pursuant to the Tennessee Workers' Compensation Law. Thus, the Court of Workers' Compensation Claims, a statutorily created court of limited jurisdiction, does not exert personal jurisdiction over any individual or entity through service of process. Instead, employers and employees in Tennessee are statutorily subjected to the jurisdiction of the Court of Workers' Compensation Claims as set forth in Tennessee Code Annotated sections 50-6-103 and 50-6-238(a)(3).[5] Moreover, an employer's workers' compensation insurer is subject to the jurisdiction of the Court of Workers' Compensation Claims pursuant to Tennessee Code Annotated section 50-6-102(11), which states, "If the employer is insured, [the term 'employer'] shall include the employer's insurer, unless otherwise provided in this chapter."[6]

---

[4] *See also* the recent case of *Retail Direct, LLC v. Payano Express, LLC*, No. M2024-01896-COA-R3-CV, 2026 Tenn. App. LEXIS 228 (Tenn. Ct. App. May 21, 2026), in which an injured employee filed a claim in the Court of Workers' Compensation Claims against his direct employer, a subcontractor, who did not have workers' compensation insurance at the time of his injury. *Id.* at *3. The employee then filed a claim against the logistics company that had hired his employer as a subcontractor. *Id.* The logistics company filed a declaratory judgment action in Chancery Court to determine whether it was a "common carrier," exempting it from liability, following proper procedure as we outlined in *Martinez. Id.* at *4.

[5] Tennessee Code Annotated section 50-6-103 states that "[e]very employer and employee subject to this chapter shall, respectively, pay and accept compensation for injury or death by accident arising primarily out of and in the course and scope of employment." Section 50-6-238(a)(3) authorizes judges on the Court of Workers' Compensation Claims to "hear and determine claims for compensation . . . and to make orders, decisions, and determinations."

[6] There is no indication in the record that any party has addressed Tennessee Code Annotated section 50-6-115(c), which could theoretically impact CJR's and its insurer's obligation to comply with Tennessee's workers' compensation laws and might merit a different analysis. That section states as follows:

(1) An employee from another state and the employee's employer are exempt from this chapter while the employee is temporarily in this state performing work for the employer *if*:

7

In sum, at this interlocutory stage of the case, it is undisputed that Texas Mutual issued a policy of workers compensation insurance to CJR that was in effect on the date of Employee's accident.[7] Pursuant to subsection 50-6-102(11), Texas Mutual is involved in this litigation *by definition* because it was admittedly CJR's insurer on the date of the accident, and no order was required to make it a "party." The underlying dispute Texas Mutual brought before the trial court, and attempted to bring before us, is whether it is responsible for covering a claim filed against its insured in circumstances where the insured's employee was injured in Tennessee, not Texas. To answer that question, the court would be required to review the contract and interpret whether the terms of the contract relieve Texas Mutual of its obligation to Employer to provide workers' compensation benefits. That inherently is a coverage dispute necessitating insurance policy interpretation. As we concluded in *Martinez*, neither we nor the Court of Workers' Compensation Claims have subject matter jurisdiction over such a claim.

Therefore, although Texas Mutual characterized its argument as one concerning a lack of personal jurisdiction, we conclude what it actually seeks is an order it hopes will absolve it from covering a claim filed against its insured. If Texas Mutual believes it does not have a contractual obligation to cover the claim filed against its insured, it must seek relief through an appropriate action in a court of competent jurisdiction.[8]

## Conclusion

For the foregoing reasons, we affirm the trial court's denial of the motion to dismiss, but we modify the court's order to make clear that Texas Mutual's participation in this litigation is not as an independent "party." Texas Mutual's participation is solely in its role as CJR's workers' compensation insurer, and any potential liability against Texas Mutual is completely derivative of the liability of its insured, subject to the results of any other litigation resolving the coverage dispute in a court of general jurisdiction. We remand the case, and costs on appeal are taxed to Texas Mutual.

---

(A) The employer has furnished workers' compensation insurance coverage under the workers' compensation insurance or similar laws of the other state *to cover the employee's employment while in this state* . . . .

Tenn. Code Ann. § 50-6-115(c)(1)(A) (2025) (emphases added). Here, Texas Mutual maintains that it did not, in fact, cover this employee while he was working outside the State of Texas; it does not assert that CJR is exempt from the requirements of the Tennessee Workers' Compensation Law.

[7] Counsel for Texas Mutual acknowledged both facts at oral argument.

[8] Given our determination regarding jurisdiction, all other issues on appeal are pretermitted.